In the Matter of the Estate of ANASTASIA FITZGERALD. . JOSEPH FITZGERALD, Appellant; ANNA L. REED, Respondent.

*Decedent's estate — petition for sale of real property to pay legacies — decree directing sale reversed where annuity provided for in will is made a lien upon said property.*

*Matter of Fitzgerald,* 217 App. Div. 188, affirmed.
(Argued May 13, 1927; decided May 31, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 29, 1926, which reversed a decree of the Erie County Surrogate's Court directing the sale of certain real property belonging to the estate of Anastasia Fitzgerald, deceased, for the purpose of paying legacies and dismissed the petition. The will directed payment of a certain annuity which was made " a lien upon any and all real estate which I own or possess " except certain property devised. The Appellate Division held that this forbade the sale directed by the surrogate.

*Irving W. Cole* and *Edward E. Lewis* for appellant.
*Clayton M. Smith* for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

MILDRED E. KELLY, as Administratrix of the Estate of EDGAR J. KELLY, Deceased, Respondent, *v.* FULMER-AGNE REALTY COMPANY et al., Appellants.

*Negligence — fire escapes — death of roofer from fall of portion of fire escape he was using to reach roof of building for purpose of making repairs.*

*Kelly v. Fulmer-Agne Realty Co.,* 219 App. Div. 760, affirmed.
(Argued May 13, 1927; decided May 31, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department,

entered January 10, 1927, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendants. Intestate, an employee of a roofing contractor, was sent to a building owned by defendant Fulmer-Agne Realty Company and leased by defendant Waldorf System, Inc., to make repairs to the roof, at the request of the manager of defendant Waldorf System, Inc. There was evidence that to reach the roof to make repairs a fire escape on the side of the building was customarily used. On the day of the accident while intestate was upon the fire escape attempting to lower the drop ladder at the lower end thereof a chain supporting the ladder broke and plaintiff was precipitated to the sidewalk causing injuries resulting in his death.

*G. E. Pritchard* for Fulmer-Agne Realty Company, appellant.

*William E. Fitzsimmons* for Waldorf System, Inc., appellant.

*Gay H. Brown* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

SAMUEL LANDER, Respondent, *v.* ISAAC WALD, Appellant.

*Pleading — slander — words actionable per se — complaint alleging defendant charged plaintiff with being a " pimp " states a cause of action for slander.*

*Lander v. Wald,* 218 App. Div. 514, affirmed.

(Submitted May 13, 1927; decided May 31, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 3, 1926, which reversed an order of Special Term granting a motion by defendant for a dismissal of the complaint and denied said motion.